UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-23659-JEM-MARTINEZ/SANCHEZ

DONA GELSINGER,

    Plaintiff,

v.

ARMANITY, *et al.,*

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's Motion for Entry of Preliminary Injunction. ECF No. 12.[1] Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against Defendants Armanity, CHIFIGNO, DavidXiong, SZPanda, RUIHA, Chinvan, Vokupoga, ARTMYRUI, lemonllc, and WangDirect (collectively, "Defendants"), based on alleged copyright infringement, pursuant to 17 U.S.C. §§ 502 and 503, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a).

The Court held a hearing on September 10, 2025, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel. Having reviewed Plaintiff's motion, the pertinent portions of the record, the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 12, be **GRANTED**.

---

[1] Judge Martinez referred Plaintiff's Motion for Preliminary Injunction to the undersigned. ECF No. 13.

## I.  FACTUAL BACKGROUND

Plaintiff Dona Gelsinger ("Gelsinger" or "Plaintiff") is an Oregon-based artist who has created several Christmas and winter themed illustrations, paintings, and designs.  ECF No. 1 at ¶ 16; ECF No. 4-2 at ¶ 4 (Declaration of Dona Gelsinger).  Plaintiff's artwork is "highly sought-after in the retail community."  ECF No. 1 at ¶ 16; ECF No. 4-2 at ¶ 4.  Gelsinger is the copyright owner to the three illustrations at issue in this action (the "Copyrighted Works").  ECF No. 1 at ¶¶ 18, 24, 28; ECF No. 4-2 at ¶¶ 8, 15-16; ECF No. 1-1.  Plaintiff registered her Copyrighted Works with the U.S. Copyright Office as two-dimensional artworks, illustrations, and paintings under registration numbers VA 2-051-279, VA 2-066-304, and VA 2-243-605.  ECF No. 1 at ¶ 24; ECF No. 4-2 at ¶ 16; *see also* ECF No. 1-1 (certificates of copyright registration).

Gelsinger sells and licenses her work through https://www.glowdecor.com/ and https://gelsingerlicensing.com/, respectively.  ECF No. 1 at ¶ 17; ECF No. 4-2 at ¶ 6.  Products bearing Plaintiff's Copyrighted Works are "legitimately sold through authorized retailers and distributors" across the world, including within the State of Florida and this district.  ECF No. 4-2 at ¶¶ 9-10; ECF No. 1 at ¶ 19.

Defendants, through e-commerce stores operating via Amazon under their seller identification names identified in the Complaint (the "Seller IDs"), *see* ECF No. 1 at ¶ 30, have advertised, offered for sale, or sold goods bearing what Plaintiff has determined to be reproductions or derivatives of Plaintiff's Copyrighted Works.  ECF No. 1 at ¶¶ 37, 72, 75; ECF No. 4-2 at ¶¶ 21, 26, 29-30, 33; ECF No. 4-3; ECF No. 4-4 at ¶¶ 11-14 (Declaration of Joel B. Rothman).

Plaintiff submitted sufficient evidence showing that each Defendant infringed on Plaintiff's Copyrighted Works.  ECF No. 4-2 at ¶¶ 21-31; ECF No. 4-3; ECF No. 4-4 at ¶¶ 9-14.  Defendants are not and have never been authorized or licensed to use, produce, or make reproductions of Plaintiff's Copyrighted Works.  ECF No. 4-2 at ¶¶ 27-28, 31, 33.

Plaintiff "hired an investigator to investigate the promotion and sale of infringing products by Defendants to obtain payment account information for funds paid to Defendants for the sale of infringing products." ECF No. 4-2 at ¶ 20; *see* ECF No. 4-4 at ¶ 9. The investigator accessed the e-commerce stores operating under Defendants' Seller IDs, and Plaintiff or someone under her supervision captured detailed web page screenshots of the infringing products Defendants offered for sale, which reflected infringing products bearing or using Plaintiff's Copyrighted Works. ECF No. 4-2 at ¶¶ 22-26, 29-30; ECF No. 4-4 at ¶¶ 10-14; *see also* ECF No. 4-3. Plaintiff also visually inspected the products and verified that each Seller ID offered shipping to the United States. ECF No. 4-2 at ¶¶ 29, 31, 33. After reviewing and visually inspecting the detailed web page screenshots, the investigator and Plaintiff determined the products were non-genuine, unauthorized versions of Plaintiff's Copyrighted Works. ECF No. 4-2 at ¶¶ 29-31; ECF No. 4-4 at ¶ 12.

On August 14, 2025, Plaintiff filed her Complaint against Defendants for willful copyright infringement. ECF No. 1. On August 18, 2025, Plaintiff filed her *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. 4, which the Court granted on August 19, 2025, ECF No. 6. Plaintiff also served each Defendant, by e-mail and through Plaintiff's designated notice-serving website, with a copy of the Complaint, the Order Granting *Ex Parte* Application for Temporary Restraining Order, and all other filings in this matter. *See* ECF Nos. 10, 11. On September 3, 2025, Plaintiff also served each Defendant with a copy of Plaintiff's Motion for Entry of Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule. ECF No. 15; *see also* ECF No. 11.

## II.   LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the

entry of the relief would serve the public interest." *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

A copyright infringement action requires a plaintiff to prove (1) "ownership of a valid copyright," and (2) actionable copying by the defendants. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

As outlined below, Plaintiff submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See generally, e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against the defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

### III. ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of her motion support the following conclusions:

A. Plaintiff has a substantial likelihood of success on the merits of her claims. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing or using unauthorized reproductions or derivates of the Copyrighted Works.

B. Because of the infringement upon Plaintiff's Copyrighted Work, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, the instant motion, and declarations and exhibits accompanying Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, ECF No. 4, demonstrate that immediate and irreparable

4

loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i. Defendants own or control e-commerce stores on Amazon.com operating under their Seller IDs which advertise, promote, offer for sale, and sell products to customers in the United States that infringe upon Plaintiff's Copyrighted Works in violation of Plaintiff's rights;

   ii. There is good cause to believe that more infringing products using or bearing Plaintiff's Copyrighted Works will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for her genuine products.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, her reputation, and her goodwill as a designer of quality products, if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to protect Plaintiff's legitimate intellectual property interests, prevent consumer confusion, and protect the public from being defrauded by the palming off infringing goods as Plaintiff's genuine goods.

E. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

F.  In light of the likelihood that Defendants have violated copyright laws, there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 12, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1)   Each Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with Defendants be preliminarily enjoined and restrained from:

a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Copyrighted Works, other than those actually designed or distributed by Plaintiff; and

b. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the Copyrighted Works; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing or using the Copyrighted Works; or (iii) any assets or other financial accounts subject to this Preliminary Injunction, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

c. Copying, displaying, distributing or creating derivative works of Plaintiff's Copyrighted Works.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction shall immediately discontinue, until further order of this Court, the use of the Copyrighted Works on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This Preliminary Injunction is limited to Defendants' listings using the Copyrighted Works, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to Defendants' entire e-commerce stores.

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction shall immediately discontinue the use of the Copyrighted Works from any webpage, any advertising links to other websites, search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

(4) Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Preliminary Injunction.

(6) Upon receipt of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon Payments, Inc., and any other Third Party Providers, including PayPal, Amazon Pay, Stripe, and others, shall immediately, to the extent not already done:

    a. Identify all financial accounts and funds associated with the Internet-based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified in Exhibit 1 hereto;

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court;

    c. Divert those restrained funds to a holding account for the trust of the Court.

(7) Upon receipt of notice of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and subaccount(s) which have been restrained; (iii) the historical sales for Defendants' listings that are alleged to infringe Plaintiff's Copyrighted Works; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

(8) No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, PayPal,

Stripe, and their related companies and affiliates, for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(9) No Defendant whose funds are restrained by this Preliminary Injunction may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates restrained by this Preliminary Injunction, to any other financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website without the express authorization of this Court.

(10) This Preliminary Injunction shall apply to the Seller IDs listed in Exhibit 1 attached hereto, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and/or copying Plaintiff's Copyrighted Works.

(11) This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(12) Any Defendant that is subject to this Preliminary Injunction may appear and move to dissolve or modify the Preliminary Injunction and the asset restraint set out in the Preliminary Injunction in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.  Any third party impacted by this Preliminary Injunction may also move for appropriate relief.

(13) Plaintiff shall maintain her previously posted bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), to pay for any costs or damages to which any party may be entitled for a wrongful injunction or restraint, during the pendency of

this action, or until this Preliminary Injunction is terminated. In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

---

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. Accordingly, the parties shall have **until September 15, 2025** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 10th day of September 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record

# EXHIBIT 1

| Company Name Provided Online | Seller Name | Amazon Seller ID | Physical Address provided online |
|---|---|---|---|
| Wu Shuang Qing | Armanity | A34MEBEO076VH4 | 营前村烟楼区116号 南安市 石井镇 福建省 361000 CN |
| yifangjixiamenjiancaiyouxiangongsi | CHIFIGNO | A2Q530TWVKT5CC | 思北特香包永安街7号2楼 厦门市 思明区 福建省 361001 CN |
| pu tian shi li cheng qu yuan yi mao yi you xian gong si | DavidXiong | AL55XEDVPWX1K | 西天尾镇少林南街1229号 莆田市 荔城区 福建省 351100 CN |
| shenzhenqiuxiadianzishangwuyouxiangongsi | SZPanda | AL5G8U35TO54Z | 3rd Floor, New Town Plaza, Hedong Community, Xixiang Street, Baoan District shenzhen guangdong 518101 CN |
| xiamenshisimingquruihaozhenguobianlidian | RUIHA | A3B5HUNWRDMZFA | 洪莲中路 20-101 厦门市 思明区 福建省 361001 CN |
| Lichengqu gongchenpanqinfang xiemaoshanghang | Chinvan | AUTH07T4NP92A | 拱辰街道东圳西路9号莆田市荔城区福建省 351100 CN |
| foshanshinanhaiqubizhuiwangluoxiaoshoubu | Vokupoga | A6D2JDWFTF23P | 大沥镇盐步盐秀路百信商业广场第八层第A8-02之二大沥镇盐步盐秀路百信商业广场第八层第A8-02之二佛山市广东 528000 CN |
| yiwushiruiyimaoyiyouxiangongsi | ARTMYRUI | A1COSPZX1ZJ74A | 昌德路楼下新村四区25栋7单元401金华市浙江 322000 CN |
| tianjinshilumanmaoyiyouxiangongsi | lemonllc | AB593AJ16X3FV | 天津开发区伴景湾家园7-2-201室天津天津 300457 CN |
| guangzhoudiaoyouyujushangmaoyouxiangongsi | WangDirect | A2EFANZ93X8RJU | 丛云路839号利都商务中心A座605室广州市白云区广东省510080 CN |